### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GRAPHICS FOUR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 14-cv-2397 |
| ELECTRONICS FOR IMAGING, INC. ) | |
| and INTERNATIONAL PAPER COMPANY, ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT

Plaintiff Graphics Four, Inc., by and through undersigned counsel, for its causes of action against defendants Electronics for Imaging, Inc. and International Paper Company, states and alleges as follows:

### Parties

1.  Plaintiff Graphics Four, Inc. is a Kansas corporation active and in good standing with the state of Kansas with its principal place of business located at 11414 W. 79th Street, Lenexa, Kansas 66214

2.  Defendant Electronics for Imaging, Inc. (hereinafter "EFI") is a Delaware corporation with its principal place of business located at 303 Velocity Way, Foster City, California 94404.  EFI's registered agent for service of process is C.T. Corporation, 818 West Seventh Street, Second Floor, Los Angles, California 90017.

3.  International Paper Company (hereinafter "International Paper") is a New York corporation with its principal place of business located at 6285 Tri Ridge Blvd., Loveland, Ohio, 45140.  International Paper's registered agent for service of process in Kansas is the Corporation Company, 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

**Jurisdiction and Venue**

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy is in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the acts and omissions giving rise to plaintiff's claims occurred in Kansas and defendants are subject to personal jurisdiction in Kansas.

**Factual Background**

6. Prior to April 4, 2012, plaintiff, a commercial printing company specializing in high-quality process and spot-color file production for the printing industry, went through a lengthy due diligence process to evaluate and purchase a flatbed UV printer that would be used to expand its existing business and obtain new customers based upon the particular features of the flatbed printer selected.

7. During this process, plaintiff looked at many samples printed on several different substrates from various printing machines, including samples provided by defendants that were purportedly printed with an EFI/Rastek – T1000 Flatbed Printer.

8. Based upon the claimed features, printing samples, sales materials, warranties, representations and affirmations of defendants, which formed the basis of the bargain and upon which plaintiff relied, on or about April 4, 2012, plaintiff entered into a Purchase Agreement with defendants for the purchase of an EFI/Rastek – T1000 Flatbed Printer (hereinafter the "Printer") and various related components and accessories for $131,923.48.

9. Prior to entering into the Purchase Agreement, defendants represented, advertised, promoted and warranted that the Printer was reliable, "best-in-class" and that its productivity and resolution features included at least the following:

- Quality Mode, 12 Pass, 600 dpi, 105 square foot per hour.
- High Quality Mode, 8 Pass, 600 dpi, 160 square foot per hour.
- Express Mode, 2 Pass, 600 x 300 dpi, 317 square foot per hour.
- White Modes, same as CMYK.

(Sales Brochure attached as Exhibit A and incorporated herein by reference).

10. Beginning on or about May 26, 2012, defendants began setting up and installing the Printer at Graphics Four.

11. After installation and continuing through the present, the Printer has broken down repeatedly; many parts have had to be replaced (some more than once); defendants' personnel have spent days upon days trying a variety of unsuccessful repairs to make the Printer perform as represented and warranted; and the Printer still does not operate properly and plaintiff has never been able to print at the productivity and resolution levels advertised, promoted and warranted by defendants.

12. Since purchasing the Printer, defendants have instructed plaintiff on many different maintenance routines to clean the Printer in attempt to make it work as represented, promised and warranted. Virtually all such maintenance procedures have been changed multiple times by defendants and the Printer has never printed at the productivity and resolution levels advertised, promoted and warranted by defendants and is otherwise unreliable.

13. At all times relevant hereto International Paper was a dealer, distributor, authorized representative, partner and agent of EFI.

14. To assist International Paper in selling EFI/Rastek – T1000 Flatbed Printers, EFI developed an "EFI Wide Format Partner Marketing Kit" which included prepared marketing materials such as ads, direct mailers and other media-related materials to promote the purported benefits and performance of EFI/Rastek – T1000 Flatbed Printers to potential purchasers, including plaintiff.

15. EFI trained, instructed, taught and educated International Paper's employees and agents including, but not limited to, International Paper's sales representative Mike Pruetting, on the features, productivity, print quality and reliability of the Printer and authorized International Paper's employees and agents (including Mike Pruetting) to make warranties, representations and affirmations on behalf of EFI about the Printer's features, productivity, print quality and reliability.

16. All actions, omissions, warranties, representations and affirmations of International Paper's employees and/or agents, actual, apparent or otherwise, as described herein, were performed within the scope of their duties as agents of EFI, and EFI is bound by and vicariously liable for the acts, omissions, warranties, representations and affirmations of International Paper's employees and/or agents, actual, apparent or otherwise.

17. Defendants designed, manufactured, marketed, advertised, warranted and sold the Printer and in conjunction with the sale, defendants marketed, advertised and warranted that the Printer was fit for the ordinary purpose for which such goods were used and that it was free from defects in design, materials and workmanship.

18. Defendants knew or should have known that the Printer was defective in design, materials and/or workmanship and was not fit for its ordinary and intended use, and did not perform in accordance with the advertisements, marketing materials, affirmations, representations and warranties disseminated by defendants to plaintiff nor with the reasonable expectations of ordinary purchasers.

19. At the time of sale, the Printer contained defects which prevented it from reliably printing at the productivity levels and with the resolution represented and warranted by defendants to plaintiff prior to the sale.

20. Plaintiff agreed to purchase the Printer based on various representations, affirmations and warranties made by defendants orally and in written promotional materials including, but not limited to, representations about the Printer's productivity, resolution and reliability.

21. Defendants are estopped from relying on any statutes of limitation and/or disclaimers of warranties by virtue of their acts of fraudulent concealment.  Upon information and belief, defendants knew of the defects in the Printer for approximately two years prior to plaintiff purchasing the Printer, if not earlier, and they concealed from plaintiff the defective nature of the Printer.

22. Given defendants' failure to disclose this non-public information about the defective nature of the Printer – information over which it had exclusive control – and because plaintiff could not reasonably have known that the Printer was defective, defendants are estopped from relying on any statutes of limitation and/or disclaimers of warranties that might otherwise be applicable to the claims asserted herein.

## **COUNT I – BREACH OF EXPRESS WARRANTY**

### **K.S.A. § 84-2-313**

Plaintiff, for Count I of its causes of action against defendants, states and alleges as follows.

23. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. Through its advertisements, promotional materials, statements and printing samples provided to plaintiff, defendants expressly warranted the Printer's productivity, resolution and reliability as described herein.

25. Defendants' express warranties were part of the basis of the bargain.

26. Despite defendants' representations and warranties as described herein, the Printer contains defects that prevent it from performing as intended and printing at the productivity and resolution levels with the reliability represented and warranted by defendants.

27. As a direct and proximate result of defendants' breach of its express warranties, plaintiff has sustained economic damages including, but not limited to, loss of profits and loss of job opportunities because plaintiff has been unable to use the Printer for the specific purposes for which it was purchased.

WHEREFORE, plaintiff prays for judgment on Count I of its claim against defendants for a sum in excess of Seventy Five Thousand Dollars ($75,000.00); for its costs and expenses in bringing this action; and for such other relief as it may be entitled to by law or as the Court deems just and proper.

## COUNT II – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### K.S.A. § 84-2-314

Plaintiff, for Count II of its causes of action against defendants, states and alleges as follows:

28. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. Defendants are merchants with respect to the Printer.

30. Defendants impliedly represented and warranted that the Printer was free of defects and that it was merchantable and fit for its intended purpose.

31. The Printer was not merchantable or fit for its intended purpose at the time of purchase.

32. Defendants breached their representations and implied warranties as set forth herein.

33. Defendants made and/or allowed these misrepresentations to be made with the intent of inducing Plaintiff to purchase the Printer. If plaintiff had known the true facts, it would not have purchased the Printer or paid as much as it did for the Printer.

34. The Printer was not merchantable because it was not fit for the ordinary purposes for which such goods are used and because it failed to conform to the promises, warranties and affirmations of fact made by defendants to plaintiff about the Printer.

35. The minimum standards contained in K.S.A. § 84-2-314 for an implied warranty of merchantability assure a buyer that if the goods received do not conform at

least to normal commercial expectations, the buyer will have a cause of action by which it can secure compensation for losses suffered.

36. The implied warranty of merchantability contained in K.S.A. § 84-2-314 applies by operation of law to all sales by merchants and arises from the fact of the sale.

37. As a direct and proximate result of defendants' breach of the implied warranty of merchantability, plaintiff has sustained economic damages including, but not limited to, loss of profits and loss of job opportunities because plaintiff has been unable to use the Printer for the specific purposes for which it was purchased.

WHEREFORE, plaintiff prays for judgment on Count II of its claim against defendants for a sum in excess of Seventy Five Thousand Dollars ($75,000.00); for its costs and expenses in bringing this action; and for such other relief as it may be entitled to by law or as the Court deems just and proper.

## COUNT III – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

### K.S.A. § 84-2-315

Plaintiff, for Count III of its causes of action against defendants, states and alleges as follows:

38. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. Prior to plaintiff purchasing the Printer, defendants knew or had reason to know the particular purposes for which plaintiff was purchasing the Printer.

40. Defendants knew or had reason to know that plaintiff was relying on defendants' skill and/or judgment to select a printer suitable for those purposes.

41. Plaintiff relied upon defendants to select an appropriate printer for its particular purposes.

42. The Printer was not suitable for those particular purposes.

43. As a direct and proximate result of defendants' breach of the implied warranty of fitness for a particular purpose, plaintiff has sustained economic damages including, but not limited to, loss of profits and loss of job opportunities because plaintiff has been unable to use the Printer for the specific purposes for which it was purchased.

WHEREFORE, plaintiff prays for judgment on Count III of its claim against defendants for a sum in excess of Seventy Five Thousand Dollars ($75,000.00); for its costs and expenses in bringing this action; and for such other relief as it may be entitled to by law or as the Court deems just and proper.

## **COUNT IV – BREACH CONTRACT**

Plaintiff, for Count IV of its causes of action against defendants, states and alleges as follows:

44. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. Defendants materially breached the Purchase Agreement by failing to provide plaintiff with a printer in accordance with defendants' representations and warranties about the Printer as described herein.

46. The Printer contains defects that prevent it from performing as intended and printing at the productivity and resolution levels and with the reliability represented and warranted by defendants.

47. As a direct and proximate result of defendants' breach of the Purchase Agreement, plaintiff has sustained economic damages including, but not limited to, loss of profits and loss of job opportunities because plaintiff has been unable to use the Printer for the specific purposes for which it was purchased.

WHEREFORE, plaintiff prays for judgment on Count IV of its claim against defendants for a sum in excess of Seventy Five Thousand Dollars ($75,000.00); for its costs and expenses in bringing this action; and for such other relief as it may be entitled to by law or as the Court deems just and proper.

### COUNT V – UNJUST ENRICHMENT/RESTITUTION

Plaintiff, for Count of its causes of action against defendants, states and alleges as follows:

48. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49. Defendants marketed, promoted, advertised and sold the Printer as merchantable, free of defects, fit for the ordinary purpose for which it was to be used and as fit for the particular purposes for which plaintiff intended to use the Printer.

50. Defendants accepted payment from plaintiff for the Printer.

51. Plaintiff's Printer was not merchantable, free of defects, fit for the ordinary purpose for which it was to be used or fit for the particular purposes for which plaintiff intended to use the Printer.

52. It would be inequitable for defendants to retain plaintiff's money in light of their misrepresentations and omissions because plaintiff did not in fact receive a printer

that was merchantable, free of defects, fit for the ordinary purposes for which it was to be used or fit for the particular purposes for which plaintiff intended to use the Printer.

WHEREFORE, plaintiff prays for judgment on Count V of its claim against defendants for a full refund of the Printer's purchase price because; the economic damages it has sustained; for its costs and expenses in bringing this action; and for such other relief as it may be entitled to by law or as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby request a trial by jury in the above-captioned case.

### DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas as the place for trial in the above-captioned case.

        HAMILTON LAW FIRM LLC

        By: __/s/ Patrick A. Hamilton_____
        Patrick A. Hamilton, KS Bar No. 16154
        13420 Santa Fe Trail Drive
        Lenexa, KS 66215
        PHONE: (913) 888-7100
        FAX: (913) 888-7388
        patrick@hamilton-lawfirm.com
        ATTORNEY FOR PLAINTIFF